# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

FRANKLIN WILFREDO MENDEZ-REYES,

                 Petitioner,

   v.

MARKWAYNE MULLIN, *et al.*,

                 Respondents.

Case No. 26-cv-02372-BAS-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Franklin Wilfredo Mendez-Reyes filed a habeas petition pursuant to 28 U.S.C. § 2241, requesting immediate release or, alternatively, a bond hearing. (ECF No. 1.) The Government responded to the Petition, acknowledging that Petitioner "appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz,* No. 5:25-cv-01873-SSS-BFM, __ F. Supp. 3d___, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)," and thus, the Government "do[es] not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." (ECF No. 5.) For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 14 days.

26cv2372

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    ANALYSIS

Petitioner, a citizen of Guatemala, entered the United States without inspection on December 17, 2023. (ECF No. 1, ¶¶ 2, 62–63.) He has significant ties to the United States, including a U.S. citizen spouse. (*Id.* ¶¶ 32, 34, 65–66.) He has no criminal history. (*Id.* ¶¶ 6, 32, 68.) Immigration and Customs Enforcement ("ICE") arrested him in the interior of the United States. (*Id.* ¶¶ 7, 62.) Petitioner has not been given a bond hearing, presumably in reliance on *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (*Id.* ¶¶ 9, 73.)

The Central District of California certified a class of which Petitioner was initially a member. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). The case essentially overruled *Yajure Hurtado.* Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

26cv2372

## III.  CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Franklin Wilfredo Mendez-Reyes (A# 221-497-536) within 14 days of the date of this Order.  The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2).  If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

DATED: April 24, 2026

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv2372